# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                          Case No.   02-CR-208

FELIX GUZMAN,

    Movant.

## DECISION AND ORDER

On January 24, 2003, this Court entered judgment against Felix Guzman ("Guzman"), pursuant to a plea agreement, on one count of escape under 18 U.S.C. § 751(a), and sentenced him to 40 months imprisonment and three years of supervised release. The Court also imposed both a monetary fine and assessment. On January 13, 2004, the Court of Appeals for the Seventh Circuit dismissed Guzman's appeal. On July 26, 2004, Guzman sent the Court a filing entitled "Motion under All Writs Act Pursuant to 28 U.S.C. 1651." In this motion, Guzman requested re-sentencing based on the case of *Blakely v. Washington*, 542 U.S. 296 (2004).

The Court, in an order dated July 14, 2005, informed Guzman that it intended to recharacterize the pending motion as one brought pursuant to 28 U.S.C. § 2255. Before the Court would take such a step, however, Guzman was afforded the opportunity to either

Copy mailed to attorneys for parties by the Court pursuant to Rule 77 (d) Federal Rules of Civil Procedures

c. Felix Guzman

withdraw his motion altogether or submit additional grounds for relief. In a letter received by the Court on August 1, 2005, Guzman stated that he wished to proceed with the recharacterized motion and, accordingly, submitted additional grounds for relief.

Therefore, the Court recharacterizes Guzman's pending motion as one brought pursuant to 28 U.S.C. § 2255. The Court considers both the original motion, as well as Guzman's subsequent letter, as constituting the complete motion. Consistent with its recharacterization, the Court has modified the caption of Guzman's action to identify him as the movant.

The Court now turns to consider Guzman's motion under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Rule 4 requires this Court to promptly consider Section 2255 motions and "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." 28 U.S.C. § 2255(b). If the motion is not dismissed, the Court must order a response from the United States attorney. *Id.*

In his motion, Guzman claims that his imprisonment is unconstitutional and in violation of the laws of the United States. First, Guzman seeks relief under the holdings of *United States v. Booker*, __ U.S. __, 125 S.Ct. 738 (2005) and *Blakely v. Washington*, 542 U.S. 296 (2004). However, the Seventh Circuit has held that *Booker* is not retroactively applicable to criminal cases, like Guzman's, that became final before January 12, 2005.

2

*McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005). In *McReynolds*, the Seventh Circuit also clarified that "*Blakely* reserved decision about the status of the federal Sentencing Guidelines . . . so *Booker* itself represents the establishment of a new rule about the federal system." *Id*. Thus, Guzman's attempts to obtain relief by invoking *Booker* or *Blakely* must fail.

Guzman also argues that his indictment was fatally defective because it did not state that escape was a crime of violence or that he was being charged as a career offender. Guzman is mistaken if he thinks either of these characterizations needed to appear in the indictment. First, the Court's characterization of Guzman as a "career offender," under current case law, is a sentencing factor, not an offense element. *See Almendarez-Torres v. United States*, 523 U.S. 224 (1998). Second, simply because an offense is categorized a certain way under the Sentencing Guidelines–e.g., as a violent felony–does not mean that the United States is required to include such characterizations in an indictment for that offense. Guzman also misunderstands the law insofar as he argues that the Court overstepped its boundaries in considering prior convictions at his sentencing. *Booker* did not change the Supreme Court's previous holding that prior convictions do not have to be proven to a jury beyond a reasonable doubt. *Id*.

Guzman also claims that he was not aware of the sentence that the Court could impose. Despite these representations, the plea agreement entered into by the parties

3

identifies a maximum term of imprisonment of five years. Guzman signed that agreement. He cannot now claim surprise.

Prior to sentencing but after the plea agreement was entered into, the parties learned of the Seventh Circuit's characterization of the crime of escape as a violent felony. *See United States v. Franklin*, 302 F.3d 722 (7th Cir. 2002). In a letter dated January 6, 2003, Guzman's attorney explained that, in light of *Franklin*, Guzman was "a career offender pursuant to U.S.S.G. s. 4B1.1 . . ." (Letter from Thomas J. Erickson to Hon. Rudolph T. Randa (Jan. 6, 2003).) This characterization raised Guzman's offense level. (*Id.*) The letter also stated that:

> Because the parties were unaware of the classification of escape as a violent felony, the Government has informed me that it would not object to a motion to withdraw the guilty plea. I have thoroughly discussed this matter with the [sic] Mr. Guzman and he does not wish to withdraw his guilty plea.

(*Id.*) Guzman acknowledges that the presentence report also identified escape as a violent crime. Thus, Guzman was aware of these facts prior to the sentencing hearing on January 24, 2003.

Guzman further contends that he never received the information required by 21 U.S.C. § 851, nor a hearing related to the same. Section 851 states that "No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless . . . the United States attorney files an information . . . ." 21 U.S.C. § 851. Case law, however, makes clear that this provision, enacted before the Sentencing Guidelines, "applies to additional penalties provided by a repeater statute over

4

and above the maximum penalty prescribed by statute for a particular offense." *United States v. Koller*, 956 F.2d 1408, 1417 (7th Cir. 1992). Section 851 operates in those situations where a defendant's statutory minimum or maximum penalty is increased under Part D of Title 21. *See United States v. McMurray*, 20 F.3d 831, 833 (8th Cir. 1994). It does not apply when a defendant is given a Guidelines base level offense, which is increased but within the statutory range. *Id.*; *United States v. Brannon*, 7 F.3d 516, 521 (6th Cir. 1993). Simply put, "§ 851 does not apply to enhancements under the Sentencing Guidelines." *Koller*, 956 F.2d at 1417.

In the present instance, Guzman was sentenced within the statutory range for the offense charged. Even if his prior convictions increased his sentence, his 40-month sentence is still within the statutory range. Thus, Guzman's claim that the government's failure to conform to the procedural requirements of Section 851 must fail.

5

NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:

Guzman's Motion under All Writs Act Pursuant to 28 U.S.C. § 1651 (Docket No. 24) is recharacterized as a Motion to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. § 2255.

Guzman's Motion to Vacate, Set Aside or Correct his sentence is **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Dated at Milwaukee, Wisconsin this 11 day of October, 2005.

BY THE COURT

Hon. Rudolph T. Randa
Chief Judge